IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA MCGURREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-cv-06287 |
| | ) | |
| HUBBARD RADIO CHICAGO, LLC | ) | Honorable Judge Ronald A. Guzman |
| | ) | |
| Defendant. | ) | |

**MOTION TO STRIKE ALLEGATIONS OF PLAINTIFF'S COMPLAINT**

Defendant, Hubbard Radio Chicago, LLC ("Hubbard"), pursuant to Federal Rule of Civil Procedure 12(f), moves to strike certain allegations of, and Exhibits 1 and 3 to the Complaint of Plaintiff, Melissa McGurren, and in support states:

**INTRODUCTION**

Plaintiff Melissa McGurren has filed a complaint for defamation *per se*. Although the issues related to her claim ought to be extremely confined – *i.e.*, did the defendant publish a false statement of fact about the plaintiff that falls within one of the five narrowly-defined defamation *per se* categories – Plaintiff here has so loaded her complaint with allegations that are irrelevant, immaterial, and inflammatory that it is nearly impossible not to conclude that they are improperly interposed solely to distract this Court from the issues at hand and tarnish the reputation of Hubbard in the court of public opinion. Simply put, this is a claim for defamation, and although Hubbard strongly disagrees with Plaintiff's characterization of her employment-related claims, much of what she includes in and attaches to her Complaint has nothing to do with the proper resolution of her claim.

Plaintiff has not acted alone in using a defamation suit to smear Hubbard with allegations that have nothing to do with that defamation claim. Through the same counsel, Plaintiff has coordinated her lawsuit with another former Hubbard employee, Cynthia DeNicolo, to amplify and draw media attention to their respective *employment-related* claims. Plaintiff's improper allegations here include: (i) twenty-three paragraphs referencing DeNicolo's completely separate lawsuit against a former on-air host of Hubbard's morning show who DeNicolo maintains claims sexually harassed her; (ii) six paragraphs regarding the supposed observations that another former Hubbard employee made to Hubbard – once again purporting to corroborate Plaintiff's employment claims but having nothing to do with her defamation claim; and (iii) Plaintiff's scattershot references to the allegations of her own EEOC Charge without any explanation as to how they relate to her defamation claim. The Court should strike Plaintiff's improper allegations from her defamation *per se* complaint pursuant to Federal Rule of Civil Procedure 12(f).

## FACTUAL BACKGROUND

Plaintiff was an on-air member of Hubbard's "Eric in the Morning" radio show with another Hubbard employee, Eric Ferguson ("Ferguson"). (Compl. ¶¶ 5-6.) On December 30, 2020, Plaintiff filed a Charge of Discrimination with the EEOC against Hubbard, based on alleged misconduct by Ferguson. (Compl. ¶¶ 7-9.) On May 14, 2021, Cynthia DeNicolo, another former Hubbard employee, filed tort claims against Ferguson based on his alleged sexual misconduct toward her (the "DeNicolo allegations"). (Compl. ¶¶ 13-17.) After Hubbard issued an internal statement addressing the DeNicolo allegations, DeNicolo filed a defamation action against Hubbard on September 30, 2021 (Compl. ¶ 18).[1] Attached to DeNicolo's Complaint as exhibits were copies of Plaintiff's arbitration demand and EEOC Charge. This ourse had the

---

[1] DeNicolo's defamation lawsuit against Hubbard is pending in this district before United States District Court Judge Franklin Valderrama under case number 21-cv-06292.

presumably intended effect of making Plaintiff's previously private filings public for the first time.

With Plaintiff's EEOC Charge now public, Hubbard Vice President/Market Manager Jeff England ("England") felt he needed to address the Charge with his staff. On October 5, 2021, England sent an email to his staff which began with and stated in part, "Good afternoon, I want you to hear this from me first. Later today, we are anticipating another round of media stories about [Ferguson]'s situation – including the contents of a complaint made by Melissa McGurren to the EEOC." (Compl. ¶¶ 19-24.) The email continues:

> This is not a new development, and we've thoroughly investigated this matter previously. Suffice it to say that we do not agree with Melissa's characterization of events, but we are committed to following the appropriate process and not litigating this matter in the public or the press. We continue to wish Melissa well in her endeavors.

(Compl. ¶ 21.) Plaintiff now brings a single claim for defamation *per se* against Hubbard, alleging that the statement "*we've thoroughly investigated this matter previously. Suffice it to say that we do not agree with Melissa's characterization of events*" (the "Statement") "falsely calls [her] a liar and attacks [her] integrity and credibility." (Compl. ¶ 24.) Plaintiff's Complaint contains:

(i) eighteen paragraphs from Plaintiff's EEOC Charge (Compl. ¶¶ 11(a)-(i) & 12(a)-(g));

(ii) *twenty-three* paragraphs recounting *DeNicolo's* sexual harassment allegations from a completely separate lawsuit against Ferguson (Compl. ¶¶ 13, 14(a)-(o), 15(a)-(e), 16 & 17); and

(iii) six paragraphs alluding to the observations and conclusory statements of Jennifer Ashrafi, another former Hubbard employee and a non-party to this litigation,

3

seemingly made solely for purposes of supporting Plaintiff's *employment* claims. (Compl. ¶¶ 25, 26, 27(a)-(c) & 28.) The Complaint also attaches Ashrafi's declaration as an exhibit.

Contrary to Illinois law, which requires claims for defamation *per se* to be pled with the same particularity required for fraud claims, Plaintiff's Complaint draws no connection between England's single statement expressing disagreement with Plaintiff's "characterization of events" and any of the numerous and specific EEOC Charge allegations she packs into her Complaint. Similarly, the Complaint fails to draw any connection between Plaintiff's defamation claim and DeNicolo's scandalous sexual harassment allegations or Ashrafi's allegations.

## ARGUMENT

**I.      Legal Standards**

Under Rule 12(f), a court may strike from a pleading any immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). To prevail on a motion to strike pursuant to Rule 12(f), a moving defendant "must demonstrate that the material at issue does not bear on the subject matter of the litigation and will prejudice the defendant." *Manuel v. Lucenti*, 2004 U.S. Dist. LEXIS 23102 at *6 (N.D. Ill. Nov. 16, 2004); *see also Vitalgo, Inc. v. Kreg Therapeutics, Inc.*, 370 F. Supp. 3d 873, 881 (N.D. Ill. 2019) (striking allegations that "have no relevance to the [plaintiff's] claims" and "confusing the issues") (internal quotations omitted). Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party. *Jackson v. Northwestern Mem. Hosp.*, 2020 U.S. Dist. LEXIS 216900 at *17 (N.D. Ill., Nov. 19, 2020).

It is true that motions to strike are disfavored because they "potentially serve only to delay." *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). But

it is also true that when motions to strike "remove unnecessary clutter from the case, they serve to expedite, not delay." *Id.* In fact, motions to strike are proper to "avoid the expenditure of time and money that arises from litigating spurious issues, by dispensing with such issues early in the case." *Fraser v. Wright Med. Tech., Inc.*, 2018 U.S. Dist. LEXIS 230523 at *6 (S.D. Ill., Dec. 19, 2018); *see also Jackson*, 2020 U.S. Dist. LEXIS 216900 at *17; *Guster-Hines v. McDonald's USA, LLC*, 2021 U.S. Dist. LEXIS 118877 at *14 (N.D. Ill. June 25, 2021) (striking allegation that was "irrelevant to [p]laintiffs' claims and serve[d] no purpose other than scandalizing") (internal quotations omitted).

**II.     The Allegations Related to Plaintiff's and DeNicolo's Employment-Related Claims Have No Bearing on Plaintiff's Defamation Claim and Should Be Litigated in The Employment-Related Actions in Which They Were First Raised**

    **A.     The Employment-Related Allegations Have Nothing To Do With the Elements of Plaintiff's Defamation Claim**

To state a claim for defamation *per se*, a plaintiff must allege that the defendant published a false statement about her that falls into one of the five categories of statements deemed to be defamatory *per se*. *Green v. Rogers*, 234 Ill. 2d 478, 491 (2009); *Kapotas v. Better Government Ass'n*, 2015 IL App (1st) 140534, ¶ 34 (falsity is a required element of every defamation claim). Importantly, Plaintiff must identify the allegedly defamatory statement with the same precision and particularity required for pleading claims for common law fraud. *Green*, 234 Ill. 2d at 495. This level of detail is a substantive element of Illinois defamation law and federal notice pleading standards do not relieve a plaintiff of meeting these obligations. *Lott v. Levitt*, 556 F.3d 564, 569 (7th Cir. 2009); *Ludlow v. Nw. Univ.,* 79 F. Supp. 3d 824, 836–37 (N.D. Ill. 2015); *Black v. Wrigley*, No. 17 C 101, 2017 U.S. Dist. LEXIS 202260, at *31 (N.D. Ill. Dec. 8, 2017).

Given the elements of a claim for defamation *per se* and the strict standards for pleading such claims, Hubbard easily satisfies the first element to support a motion to strike because

5

clearly "the material at issue," *i.e.*, allegations that relate *exclusively* to Plaintiff's and DeNicolo's employment-related claims, "do[ ] not bear on the subject matter of the litigation." *Manuel,* 2004 U.S. Dist. LEXIS 23102 at *6. Neither DeNicolo's allegations in her lawsuit against Ferguson nor Ashrafi's statements in her declaration have *any* bearing on Plaintiff's defamation claim – they do not support any element of her claim or anticipate any defense that Hubbard might raise. Moreover, Plaintiff's Complaint fails to draw any connection between, on the one hand, any of the numerous EEOC allegations she recounts and, on the other hand, the lone defamatory statement she alleges.

Notably, DeNicolo's allegations do not *even once* mention Plaintiff, let alone address any action or inaction taken by either Ferguson or Hubbard towards Plaintiff. Instead, the DeNicolo allegations are, unsurprisingly, all about DeNicolo, and because they have no relation to any aspect of Plaintiff's defamation claim, they are immaterial and impertinent to the litigation. Moreover, because the DeNicolo allegations are also scandalous (they set forth alleged sexual misconduct and threats by Ferguson toward DeNicolo - but not toward Plaintiff) they serve no purpose other than to inflame anyone who reads them against Hubbard.

Similarly, the Ashrafi allegations recount alleged conversations between Ashrafi and England, and Ashrafi's dissatisfaction with Hubbard, but again do not mention Plaintiff or address any aspect of Plaintiff's defamation claim. In her declaration attached as an exhibit, Ashrafi states that she had read "stories" relating to DeNicolo and Plaintiff and concluded that England called Plaintiff a liar (Compl. Ex. 3, ¶ 10), that, despite having no first-hand knowledge of or experience with the facts underlying Plaintiff's Complaint whatsoever, she "believe[d]" England's statements were "intentionally false," and that had Hubbard interviewed her, it could

6

not have concluded that "there was no truth" to Plaintiff's allegations.[2] (Compl. Ex. 3, ¶¶ 10.D-G.) Ashrafi's beliefs and unfounded conclusions are not based on any facts contained in her declaration relating specifically to Plaintiff or supporting any of Plaintiff's claims, but instead are Ashrafi's own surmise as to what she thinks Hubbard knew or should have known. Her concession that she "cannot testify to every detail" as to Plaintiff's EEOC Charge (Compl. Ex. 3, ¶ 10) is not only irrelevant to the pending defamation suit but also a woeful understatement; she offers no first-hand knowledge of any of Plaintiff's charges, only surmise and hearsay. Moreover, Ashrafi's declaration itself is immaterial because there is no need for Plaintiff to establish any *evidence* in her Complaint to support her defamation claim. Indeed, Plaintiff's inclusion of the Ashrafi declaration appears to be nothing more than another avenue to attract public attention and influence public opinion.

Of course, DeNicolo has a right to bring her employment-related allegations against Ferguson, as she has, in fact, done so in her pending suit. But those stated allegations are relevant only to DeNicolo's claims and have no bearing on, and therefore no place in, Plaintiff's defamation claim. Likewise, Plaintiff has a right to call Ashrafi as a witness in Plaintiff's employment-related claims if Ashrafi can provide testimony that is relevant to that arbitration. But Plaintiff's inclusion of Ashrafi's immaterial statements here is improper and they have no place in this litigation.

Although the impropriety of Plaintiff's incorporation into her Complaint of extensive allegations from her EEOC Charge is perhaps less obvious, those allegations have no legitimate place in her defamation claim either, especially in view of Illinois' strict rules for pleading defamation *per se*. Illinois law requires pleading a *per se* defamatory statement, if not *in haec*

---

[2] Of course, the Statement is *not* that Plaintiff is lying, but only that Hubbard disagrees with her characterization of events.

*verba*, at least with sufficient particularity so that the defendant can formulate its defenses and the court can analyze whether the claim passes muster under certain protections like the innocent construction rule and the opinion doctrine. Here, other than Plaintiff's conclusory allegation that Hubbard called her a liar simply by stating it disagreed with her EEOC Charge's "characterization of events," Plaintiff makes no attempt to connect any particular allegation from that Charge to her defamation claim. For example, in paragraph 12(g) of her Complaint, Plaintiff quotes from her EEOC Charge: "Ferguson's discriminatory, harassing, demeaning and hostile behavior as described above was open and notorious . . . ." Her Complaint does not allege – no doubt because it would not make any sense to do so – that Hubbard's disagreement with that particular characterization of Ferguson's conduct amounts to a false and defamatory *per se* statement.[3] Although the same can be said for any of the other characterizations in those EEOC Charge allegations that Plaintiff includes in her Complaint, *Plaintiff* bears the responsibility of articulating her defamation *per se* claim with specificity, *not Hubbard*. Because Plaintiff's Complaint states no basis for its wholesale references to Plaintiff's EEOC Charge, the Court should also strike those references from the Complaint.

> **B.     Issues Related to Plaintiff's and DeNicolo's Employment-Related Claims Should Be Litigated In the Employment Related Actions – Not Here In Plaintiff's Defamation Case**

Although Hubbard *does* disagree with Plaintiff's characterization of her and DeNicolo's employment-related claims, any issues relating to those claims must be litigated in the employment-related actions and not in this defamation suit. Plaintiff includes these allegations here as a transparent attempt to vilify Hubbard before this Court and in the court of public

---

[3] Plaintiff would have to allege that her characterizations of Ferguson's conduct were statements of fact about which Hubbard called her a liar. As appears from Hubbard's motion to dismiss filed contemporaneously with this motion, Plaintiff never gets past the threshold because her characterizations are not facts that can be deemed true or false.

8

opinion. Indeed, if Hubbard were called upon to respond to these allegations, they would be exposed as baseless.

Hubbard brings this motion to strike not to prevent Plaintiff from litigating her employment-related issues, but to demonstrate that they ought to be resolved in the employment-related actions in which Plaintiff and DeNicolo have raised them. They should not be raised in this suit, where they have no bearing on any element that Plaintiff must prove in her defamation action based on the statement in issue – that is, whether Hubbard's statement that it disagreed with Plaintiff's characterization of events is actionable as defamation *per se* under Illinois law.

Moreover, the common justification for disfavoring motions to strike – that the motion potentially serves only to delay – is not applicable in this case. Hubbard has not brought this motion to strike in an attempt to delay the litigation but, in fact, has contemporaneously filed a motion to dismiss Plaintiff's claim pursuant to Rule 12(b)(6) that may proceed in parallel to this motion. Instead, Hubbard's purpose in moving to strike is to remove the "unnecessary clutter" of the employment-related allegations that have nothing to do with Plaintiff's defamation claim. Therefore, the motion serves to expedite, not delay, the case. *Fraser*, 2018 U.S. Dist. LEXIS 230523 at *6; *Jackson*, 2020 U.S. Dist. LEXIS 216900 at *17.

### III. Plaintiff's Inclusion of Allegations Relating to Plaintiff's and DeNicolo's Employment-Related Claims Are Prejudicial to Hubbard

Not only are the allegations concerning Plaintiff's and DeNicolo's employment-related actions immaterial to Plaintiff's defamation claim, but their inclusion also meets the second requirement for granting a motion to strike, *i.e.*, that the allegations will prejudice Hubbard. The employment-related allegations serve, fundamentally, as complaints within the Complaint. Should the Court deny this motion (and Hubbard's contemporaneously filed motion to dismiss) and allow these allegations to remain, Hubbard will be required to respond to literally dozens of

9

paragraphs that have no bearing on the defamation claims, notwithstanding that all of the allegations are the subject of separate and independent actions. Moreover, Hubbard will be forced to undertake the time and expense in discovery to defend itself against these allegations, despite their lack of any materiality to the issue of whether the Statement defamed Plaintiff. Likewise, Hubbard will be forced to confront Ashrafi's irrelevant observations despite the fact that she has not even brought a lawsuit. This will result in the very sort of confusion of issues that is, by definition, prejudicial to Hubbard. *Jackson*, 2020 U.S. Dist. LEXIS 216900 at *17 (prejudice occurs when the challenged pleading or allegation confuses the issues).

The Court should not allow Plaintiff to merge irrelevant and inflammatory employment-related allegations and claims into this litigation for the sole purpose of attempting to embarrass and ridicule Hubbard. As established above, Plaintiff has no legal basis to make indiscriminate references to her EEOC allegations in this defamation lawsuit. Moreover, a review of the DeNicolo and Ashrafi allegations reveals that if they were stricken, no element of Plaintiff's defamation claim would be impacted or derogated. However, if allowed to remain in this litigation, these irrelevant allegations will serve only to "clutter" the litigation and serve as a vehicle to distract both the parties and the Court from the defamation claim that is actually at issue, to the prejudice of Hubbard.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendant Hubbard Radio Chicago respectfully requests that this Court strike the allegations contained in paragraphs, 11, 11(a)-(i), , 12, 12(a)-(g), 13, 14, 14(a)-(o), 15, 15(a)-(e), 16, 17, 25 (as it relates to Jennifer Ashrafi) 26, 27, 27(a)-(c), 28 (as it relates to Jennifer Ashrafi), 29 (as it relates to Jennifer Ashrafi), and Exhibit 1 (Plaintiff's Arbiration Demand and its Exhibits) and Exhibit 3 (Declaration of Jennifer Ashrafi) of the Complaint, and grant all other relief the Court deems appropriate.

Dated: December 23, 2021                Respectfully submitted,
                                                       HUBBARD RADIO CHICAGO, LLC

                                                       By: /s/ Steven P. Mandell
                                                               One of its attorneys

Steven P. Mandell
Brian D. Saucier
Lyndsey M. Wajert
MANDELL MENKES LLC
1 North Franklin Street, Suite 3600
Chicago, IL 60606
T: (312) 251-1000
F: (312) 251-1010
smandell@mandellmenkes.com
bsaucier@mandellmenkes.com
lwajert@mandellmenkes.com

Michael P. Roche
Kara E. Cooper
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
T: (312) 558-5600
F: (312) 558-5700
mroche@winston.com
kecooper@winston.com

*Counsel for Defendant Hubbard Radio Chicago, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that a copy of the foregoing document has been served on December 23, 2021 via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

/s/ <i>Steven P. Mandell</i>