IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Melissa McGurren,** | ) | |
| Plaintiff, | ) | |
| | ) | No. 21 C 6287 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| **Hubbard Radio Chicago, LLC,** | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, Plaintiff's motion to reconsider is denied. Any motion for leave to file an amended complaint, with an attached proposed amended complaint, shall be filed no later than May 3, 2022. If no motion is filed by that date, the Court will terminate the case.

## STATEMENT

Plaintiff moves for reconsideration of the Court's ruling dismissing her defamation per se claim. Motions for reconsideration "serve an extremely limited purpose: the correction of manifest errors of law or fact or the presentation of newly discovered evidence." *Stagger v. Experian Info. Sols., Inc.*, No. 21 C 2001, 2021 WL 5564867, at *1 (N.D. Ill. Nov. 29, 2021). The Court assumes knowledge of the facts of the case and its previous ruling. Plaintiff does not challenge the Court's initial basis for dismissal – that Defendant's statement did not fall within any of the categories of defamation per se. Therefore, even assuming that Plaintiff is correct that the Court's alternative bases for dismissal – the innocent construction rule and opinion – were incorrect, the Court's order dismissing Plaintiff's defamation per se claim would still stand. Nevertheless, because a determination on the issues raised in Plaintiff's motion to reconsider could affect Plaintiff's anticipated proposed amended complaint, the Court addresses Plaintiff's bases for relief.

The relevant statement at issue in this defamation action is contained in an email by Jeff England, Defendant's Vice-President and Market Manager, which states, in part, as follows: "Later today, we are anticipating another round of media stories about Eric[] [Ferguson's] situation – including the contents of a complaint made by Melissa McGurren to the EEOC. This is not a new development, and we've thoroughly investigated this matter previously. Suffice it to say that we do not agree with Melissa's characterization of events . . . ." Plaintiff contends that the Court erred in dismissing Plaintiff's complaint as being subject to innocent construction because "when the defendant clearly intended and unmistakably conveyed a defamatory meaning, a court should not strain to see an inoffensive gloss on the statement." (Pl.'s Mot. Reconsider, Dkt. # 26, at 11.) According to Plaintiff, the Court ignored this aspect of the innocent-construction analysis. Applying Illinois Supreme Court precedent that "a statement 'reasonably' capable of a nondefamatory interpretation, given its verbal or literary context, should be so interpreted," *Solaia Technology, LLC v. Specialty Publishing Co*., 852 N.E.2d 825, 839 (Ill. 2006) (citation omitted), which Plaintiff agrees is an accurate statement of the law, the

Court concluded, without straining, that "[t]aken in context, a reasonable reader would not understand the internal email by England to have been made for the purpose of causing harm to Plaintiff's reputation or lowering her standing in the community, but rather to acknowledge the existence of the EEOC claim, convey to the radio station's employees that the matter is being investigated, and indicate that the radio station does not agree with Plaintiff's interpretation." (3/1/22 Order, Dkt. # 23, at 3.) Plaintiff contends that the Court's characterization of the matter as "being investigated" (i.e., present tense) improperly alters the analysis because Defendant actually used the past tense in the email, which "sought to convey the message that it knows the true facts, and that, armed with its knowledge of the true facts, it was publicly declaring that McGurren's EEOC charges are wrong," (Pl.'s Reply, Dkt. # 29, at 2), and thus, called Plaintiff a liar. The Court disagrees – differing versions of events, even after completed investigations, are part and parcel of litigation. Defendant did not clearly intend nor unmistakably convey a defamatory meaning. Under either the past or present tense of the word "investigate," the statement is capable of innocent construction; this basis for relief is denied.

       Nor is the Court persuaded that it erred in finding the statement in England's email to be opinion. Plaintiff again relies on the tense of the verb "investigate" to argue that "[p]ast events are facts that either occurred or did not occur," (*id*. at 5), and therefore, Defendant's use of the past tense indicates the statement cannot be opinion. Whether the station stated that it was investigating or had investigated "the matter," its assertion that it "does not agree with Melissa's characterization of events" is a statement of opinion. The term "matter" is vague, no specific facts are discussed, and given its context, the email is not "reasonably interpreted as stating actual facts," but rather Defendant's position on the issue. *Solaia Tech*., 852 N.E.2d at 840 (criteria used to determine whether a statement is reasonably interpreted as setting forth actual facts are (1) whether the statement has a precise and readily understood meaning, (2) whether the statement is verifiable, and (3) whether the statement's literary or social context signals that it has factual content); s*ee also Schivarelli v. CBS, Inc.,* 776 N.E.2d 693, 699 (Ill. App. Ct. 2002) (finding the statement "the evidence seems to indicate that you're cheating the city" lacked any factual context and did not explain the evidence to which it referred); *Hopewell v. Vitullo,* 701 N.E.2d 99, 104 (Ill. App. Ct. 1998) (finding the phrase "fired because of incompetence" non-actionable because it was used without any specific factual context and was too broad and subjective to be objectively verifiable). This basis for relief is denied, as is Plaintiff's motion to reconsider. Any motion for leave to file an amended complaint shall be filed no later than May 3, 2022. If no motion is filed by that date, the Court will terminate the case.

**Date**: April 20, 2022

                                            **Ronald A. Guzmán**
                                            **United States District Judge**