IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MELISSA MCGURREN,** Plaintiff, HUBBARD RADIO CHICAGO, LLC Defendant. | Case No.: 21 C 6287 Judge Ronald A. Guzman |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND HER COMPLAINT**

Plaintiff Melissa McGurren ("McGurren"), by counsel, moves under Fed.R.Civ.P. ("Rule") 15(a)(2) for the Court's leave to file an Amended Complaint alleging (1) defamation *per se* under 740 ILCS 145/2 and (2) common law defamation *per se*.

In support:

1. McGurren seeks leave to amend her complaint to allege Hubbard Radio violated the Slander and Libel Act (740 ILCS 145/2) and to allege common law defamation *per se*. McGurren submits her proposed amended complaint as **Exhibit A**.[1]

2. In seeking leave to amend, McGurren acknowledges that the Court ruled that Hubbard Radio's statement is capable of innocent construction and is opinion (R. 23), and that the Court denied McGurren's motion for reconsideration on these two rulings (R. 30). McGurren seeks leave to amend in the belief that, if the

---

[1] On further review, McGurren does not seek leave to allege defamation *per quod*.

1

Court were to reconsider these holdings, then, in her proposed amended complaint, McGurren would state an actionable claim for defamation *per se* based on the cited Illinois statute (and also at common law).²

3.  In addition, as McGurren argued in response to Hubbard Radio's futility argument (R. 26), McGurren contends that her claim for statutory defamation under the Illinois Slander and Libel Act cures the above stated flaws because the innocent construction and opinion defenses are not applicable under the Libel and Slander Act. (R. 26 at pp. 4-9).³

4.  In *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 522 (7th Cir. 2015), the Seventh Circuit held that even after a complaint is dismissed under Rule 12(b)(6), as happened here, the Plaintiff may seek leave to amend and is entitled to the "the liberal right to amend under Rule 15(a)(2)." This is true even in cases like *Runnion* (but unlike the present case) where judgment was validly entered against the plaintiff:

> As with pre-judgment motions for leave to amend, the district court must still provide some reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend, and we will review that decision under the same standard we would otherwise review decisions on Rule 15(a)(2) motions for leave to amend. (*Id.*)

---

² McGurren also reserves her objections to the Court's holding that she failed to state actionable claims for common law defamation.

³ McGurren filed her response to Defendant's futility argument on March 17, 2022. (R. 26). On March 21, 2022, the Court struck McGurren's response to Defendant's futility argument without prejudice. (R. 27). In its order denying McGurren's motion to reconsider, the Court instructed McGurren to file a motion for leave to amend with an attached proposed amended complaint by May 3, 2022. (R. 30). McGurren incorporates her response to Defendant's futility argument by reference.

2

5. McGurren respectfully submits that granting leave to amend under Rule 15(a)(2) is proper because:

    a. The proposed amendment is not futile.

    b. There was no undue delay.

    c. There is no undue prejudice; and

    d. There is no bad faith.

6. McGurren respectfully argues that she has established statutory defamation *per se* under 740 ILCS 145/2 as argued in her opposition to Defendant's futility argument (R. 26), and that statutory defamation *per se* is not subject to the innocent construction and opinion defenses.

7. In *Forman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court found that in absence of the reasons listed in ¶ 3(a-d), leave to amend should be freely given. Significantly, the rule 15(a) "mandate is to be heeded". (*Id.*)

8. McGurren respectfully posits that the present situation is one such circumstance and requests that the Court allow McGurren to test her claims on the merits as *Forman* suggests. (*Id.*)

9. This motion is made in good faith and no party will be prejudiced by the granting of this motion.

**WHEREFORE**, Plaintiff Melissa McGurren respectfully requests that this Court grant her motion for leave to file her amended complaint and for any other relief the Court deems just and equitable under the circumstances.

May 3, 2022                                              Respectfully submitted,

                                                         **PLAINTIFF MELISSA MCGURREN**

                                                         By: /s/ *Carmen D. Caruso*
                                                         One of her attorneys


Carmen D. Caruso (# 6189462) - cdc@cdcaruso.com
William B. Whitner (#6331564) - wbw@cdcaruso.com
CARMEN D. CARUSO LAW FIRM
77 West Washington Street, Suite 1900
Chicago, IL 60602
312) 626-1160

4

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically on May 3, 2022. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      Steven P. Mandell - smandell@mandellmenkes.com
      Brian D. Saucier - bsaucier@mandellmenkes.com
      Lyndsey M. Wajert - lwajert@mandellmenkes.com
      MANDELL MENKES LLC
      1 North Franklin St., Ste. 3600
      Chicago, IL 60606
      T: 312-251-1000
      F: 312-251-1010

      Michael P. Roche - mroche@winston.com
      Kara E. Cooper - kecooper@winston.com
      WINSTON & STRAWN LLP
      35 West Wacker Drive
      Chicago, Illinois 60601
      T: 312-558-5600
      F: 312-558-5700

*Counsel for Defendant Hubbard Radio Chicago, LLC*

                                      */s/ Carmen D. Caruso*