IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Melissa McGurren,** ) | |
|     **Plaintiff,** ) | |
| ) | No. 21 C 6287 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| **Hubbard Radio Chicago, LLC,** ) | |
|     **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court finds that Plaintiff's proposed amendment would be futile and therefore denies Plaintiff's motion to amend the complaint [31]. Civil case terminated. All pending motions are stricken as moot.

## STATEMENT

On December 30, 2020, Melissa McGurren ("Plaintiff") filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging harassment by a coworker, Eric Ferguson. (Compl., Dkt. # 1-2, ¶¶ 9, 11.)[1] On October 2, 2021, Jeff England, the Vice-President and Market Manager at Hubbard Radio Chicago, LLC ("Defendant"), Plaintiff's former employer, sent an email to Defendant's employees, stating in part as follows:

> Good afternoon, I want you to hear this from me first. Later today, we are anticipating another round of media stories about Eric[] [Ferguson's] situation – including the contents of a complaint made by Melissa McGurren to the EEOC. This is not a new development, and we've thoroughly investigated this matter previously. Suffice it to say that we do not agree with Melissa's characterization of events, but we are committed to following the appropriate process and not litigating this matter in the public or the press. We continue to wish Melissa well in her endeavors.
>
> We have made the decision that Eric will not be on air through October. We take these allegations seriously and we are confident in the results of multiple investigations we have initiated. But we also owe it to ourselves and our listeners to have a deliberate and thoughtful process about our path forward, and candidly we are not there yet.

---

[1] The citations are to the original complaint; the claims in the proposed amended complaint allege that the same statements are defamatory.

(*Id*. ¶¶ 21-25.)[2] Plaintiff's original complaint alleged common law defamation per se, which Defendant successfully moved to dismiss. Plaintiff seeks leave to file an amended complaint alleging a claim under the Illinois Libel and Slander Act.[3] Defendant contends that Plaintiff's proposed amendment is futile and the motion for leave to amend should be denied.

The Illinois Libel and Slander Act ("Act") states in relevant part that

> [i]t shall be deemed slander, and shall be actionable, to charge any person with swearing falsely, or with having sworn falsely, or for using, uttering or publishing words of, to or concerning any person, which, in their common acceptation, amount to such charge, whether the words be spoken in conversation of, and concerning a judicial proceeding or not.

740 ILCS 145/2. The Act "enlarged the classifications [of defamation per se] by providing that false accusations of fornication, adultery and false swearing are actionable as a matter of law." *Fried v. Jacobson*, 457 N.E.2d 392, 394 (Ill. 1983). According to Plaintiff, England's statement that Defendant had investigated the matter and did "not agree with [Plaintiff's] characterization of events" constitutes a violation of the Act because it charges Plaintiff with having sworn falsely in her EEOC charge.

The Court finds that a claim under the Act is futile. As an initial matter, England's words do not charge Plaintiff with having sworn falsely nor could they be deemed "in their common acceptation" to amount to such a charge—they state that after conducting an investigation, Defendant did not agree with Plaintiff's characterization of events, and there is no mention of a sworn statement. Thus, Plaintiff fails to state a claim under the Act.

In any event, the Court has already found that England's statements are subject to an innocent construction and are constitutionally protected as opinion because they do not misstate facts. Plaintiff's contention that these defenses are unavailable because they are not expressly set forth in the Act is unpersuasive given relevant precedent. In *Bryson v. News America Publishing, Inc*., 672 N.E.2d 1207, 1216-1218 (Ill. 1996), the Illinois Supreme Court analyzed the application of the innocent construction rule to a claim under the Act. While the *Bryson* court concluded that the statement at issue was not subject to an innocent construction, it in no way rejected the application of the innocent construction doctrine to a claim under the Act. *Id*.; *see also Owen v. Carr*, 497 N.E.2d 1145, 1147 (Ill. 1986) (noting that the Illinois legislature had made false accusations of false swearing actionable at law, but then stating "[h]owever, before statements will be judged defamatory as a matter of law, they must have been considered in light of what has come to be known as the innocent-construction rule"); *Doe v. Cath. Diocese of Rockford*, 38 N.E.3d 1239, 1251 (Ill. App. Ct. 2015) (in analyzing whether a statement was defamatory under the Act, the court stated that it could not "conclude that the writer's allegedly defamatory statements are subject to an innocent construction").

---

[2] The email was published in an online media blog on October 5, 2021. (*Id.*)
[3] Plaintiff has also repeated the claim for common law defamation per se in the proposed amended complaint in order to preserve the claim for appeal.

Plaintiff asserts that the "*Bryson* court's analysis is at odds with the Illinois Legislature's intent as reflected in [t]he Libel and Slander Act" which "provided a specific test for determining whether a defendant's statements are defamatory per se, to-wit, do the defendant's words 'in their common acceptation, amount to such charge' that the plaintiff swore falsely." (Pl.'s Reply, Dkt. # 37, at 3.) Plaintiff cites no caselaw in support of this contention, nor can the Court discern any basis on which to conclude that the innocent construction doctrine, which has been repeatedly applied by courts to claims under the Act, is incongruous with the intent of the Illinois legislature. *See Popp v. O'Neil*, 730 N.E.2d 506, 512 (Ill. App. Ct. 2000) (finding "without merit" both of plaintiff's assertions that the "legislature intended charges of false swearing to be actionable under any circumstances" and that "the language of the statute 'negates' the absolute privilege" allowed attorneys in litigation).[4]

With respect to opinion, Plaintiff contends that it is not a defense under the Act, though her reasoning in this regard is not entirely clear to the Court. Plaintiff notes that in *Bryson*, the Illinois Supreme Court relied on the United States Supreme Court's ruling in *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19 (1990), that "there is no *separate* first amendment privilege for statements of opinion and that a false assertion of fact can be libelous even though couched in terms of opinion." *Bryson*, 672 N.E.2d at 1219-20 (emphasis in *Bryson*). Plaintiff then "acknowledges [purported] confusion in later cases that continue to hold the First Amendment protects 'opinion' from defamation liability." (Pl.'s Reply. Dkt. # 37, at 5.) These "later cases" presumably include *Huon v. Denton*, 841 F.3d 733 (7th Cir. 2016), in which the Seventh Circuit stated that "[o]pinions that do not misstate actual facts are protected by the First Amendment and [are] thus non-actionable." *Id*. at 743 (citing an earlier Seventh Circuit ruling that cited *Milkovich*). This Court cited *Huon* in its order on Defendant's motion to dismiss the original complaint, in which it concluded that England's statements were protected opinion because they did not misstate actual facts. *See McGurren v. Hubbard Radio Chi., LLC*, No. 21 C 6287, 2022 WL 602467, at *3 (N.D. Ill. Mar. 1, 2022). This Court is "bound to follow decisions of the Seventh Circuit, including Seventh Circuit interpretations of Supreme Court decisions." *Roscoe Rock & Sand, Inc. v. Int'l Union of Operating Eng'rs, Local 150,* No. 08 C 4091, 2008 WL 4643365, at *2 (N.D. Ill. Oct. 16, 2008). Moreover, in *Bryson*, the Illinois Supreme Court acknowledged *Milkovich* and its rejection of the "artificial dichotomy between 'opinion' and fact" and stated that post-*Milkovich*, "a statement is constitutionally protected under the first amendment only if it cannot be 'reasonably interpreted as stating actual facts.'" *Bryson*, 672 N.E.2d at 1220 (citation omitted). To the extent Plaintiff asks this Court to disregard the Seventh Circuit's and Illinois Supreme Court's interpretation of *Milkovich* and conclude that opinions that do not misstate actual facts are not available as a defense to defamation either generally or under the Act, this Court declines to do so.

Because the Court finds that Plaintiff has failed to state a claim under the Act and has previously concluded that England's statements are subject to innocent construction and are protected as not misstating actual facts, Plaintiff's proposed amendment is futile. As such, the Court need not consider Defendant's alternative basis for denying Plaintiff's motion to amend--that the statement is absolutely privileged. Plaintiff's motion to amend the complaint is denied.

---

[4] In any event, as the Court stated above, Plaintiff fails to state a claim under the express language of the Act.

Date:  June 30, 2022

_Ronald A. Guzmán_
**Ronald A. Guzmán**
**United States District Judge**